IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD McDUFFIN WILLIAMS | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PJM-16-2508 |
| DETECTIVE J. MOUTON, OFFICER TUBMAN, ANTON JOHNSON, | * * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

In response to the above-captioned civil rights complaint, Defendants move to dismiss. ECF 15 (Defendants Mouton and Tubman's Motion to Dismiss) and ECF 34 (Defendant Johnson's Motion to Dismiss). Plaintiff opposes both motions (ECF 21 and 37) and moves for partial summary judgment (ECF 24 and 38). Also pending is Defendants Mouton and Tubman's Motion to Strike Plaintiff's Surreply (ECF 27) and Plaintiff's Motion to Appoint Counsel (ECF 18). For the reasons set forth below, Defendants' Motions to Dismiss shall be denied, the Motion to Strike shall be granted, and Plaintiff's Motions for Partial Summary Judgment and to Appoint Counsel shall be denied. The case will be stayed pending resolution of the criminal case pending in this Court concerning the same matters raised in the Complaint. *See United States v. Williams*, Crim. Case: RDB-16-165 (D. Md.).

Pro se Plaintiff Donald Williams is currently incarcerated at the Chesapeake Detention Facility awaiting trial on federal criminal charges of Enticement to Travel Interstate for Purposes of Prostitution as prohibited by 18 U.S.C. §2422(a) and Aiding and Abetting as prohibited by 18 U.S.C. §2 as well as other related charges. *Williams*, Crim. Case RDB-16-165 at ECF 1 and 160. In his Complaint he alleges that on November 12, 2015, Defendant Anton Johnson, an off-duty

police officer, improperly detained him at the TA Truck stop in Jessup, Maryland when he took possession of Plaintiff's driver's license and car registration. ECF 1 at p. 5. Plaintiff claims that when Johnson retained his license and registration beyond the time required to run a check on it, he in effect prevented Plaintiff from leaving the area. *Id*. Plaintiff further asserts that he was not engaged in any unlawful conduct that warranted his detention by Johnson, who contacted Howard County Police while preventing Plaintiff from leaving the truck stop. *Id*.

Plaintiff asserts that Defendant Tubman, who is a Howard County Police Officer, arrived at the truck stop and subjected him to a frisk search without probable cause to do so. *Id*. at p. 6. He further claims that Defendant Mouton, also a Howard County Police Officer, violated his rights when he conducted a search of Plaintiff's vehicle without probable cause. *Id*. at p. 7. He further asserts that cell phones seized from his person were unlawfully seized and subsequently searched without a warrant. *Id*. at p. 8.

Plaintiff also claims that Defendant Mouton deliberately violated the requirements of Md. Rule 4-212 for the sole purpose of conducting a custodial interrogation. *Id*. at p. 12. Plaintiff was arrested at approximately 4:30 a.m. on November 12, 2015, and taken to the Howard County Central Booking Facility where he was held for approximately 20 hours in what amounted to solitary confinement, without being allowed to contact his attorney or his family. *Id*. Plaintiff claims that his statement to the police following his detention was not voluntary and that the failure to present him to a Commissioner as required by the applicable rule was done for the sole purpose of obtaining such a statement. *Id*.

The current posture of Plaintiff's criminal case relevant to the claims in this case is that a Motion to Suppress the statements Williams made to Howard County police was granted on June 27, 2017, following a two-day motions hearing. *Williams*, GLR-16-165 at ECF 160. Subsequent

2

to that order, Williams entered a guilty plea (*id*. at ECF 163 – 166) and then moved to withdraw the guilty plea (ECF 171).  Williams's motion to withdraw the guilty plea was granted.  ECF 174.  The government filed a Motion for Reconsideration of the Order granting the guilty plea (ECF 181) which was granted on August 4, 2017.  ECF 183.  A consent request for scheduling was approved by the Court and a status report is due on August 28, 2017.  *Id*.

The outcome of Plaintiff's criminal case will impact the claims asserted in this civil rights case and may be determinative of the allegations raised.  In order to preserve judicial resources and at the same time prevent Plaintiff's possible meritorious claims from becoming time-barred, with the exception of Defendants' Motion to Strike[1] (ECF 27) which shall be granted and Plaintiff's first Motion for Partial Summary Judgment (ECF 24) asserting that Defendant Johnson was in default[2] which shall be denied, all other pending motions shall be denied without prejudice subject to renewal following the resolution of the criminal case.

A separate Order follows.

August 28, 2017

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff did not seek leave of Court to file a Surreply.

[2] Defendant Johnson sought and was granted an extension of time in which to respond to the Complaint. ECF 32 and 33.  He is therefore not in default.